FILED
SUPERIOR COURT
OF GUAM

2019 MAR 29 PM 2:50

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0129-19 |
| vs. | **DECISION AND ORDER** |
| RAYLORD RAY aka Raylard Ray, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 29, 2019, for hearing on Defendant Raylord Ray aka Raylard Ray's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Alternate Public Defender James N. Spivey, Jr., and Assistant Attorney General Woodrow D. Pengelly was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on March 29, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On March 14, 2019, Defendant was indicted with the following charges: (1) Terrorizing (As a Third Degree Felony) with attached Notice: Commission of a Felony While on Felony Release; (2) Family Violence (As a Misdemeanor) – 2 Counts; and (3) Violation of a Court Order (As a Misdemeanor). (Indictment, Mar. 14, 2019). These charges stem from allegations

that Defendant had been threatening his girlfriend and her children because she refused to allow him into her house, confronted his girlfriend in the yard one evening, punched her in the face with his fist, and shoved M.R. (age 5) down to the ground where the minor hit her head on the concrete walkway. (Decl. of J. Basil O'Mallan III, Magistrate's Compl. Mar. 5, 2019). After being refused entry into the residence, he broke a window and entered the house just as police were arriving on the scene. *Id.* The responding officers observed the alleged victim and several children running from the house. *Id.*

On March 21, 2019, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $5,000 cash bail. *See* Commitment Order, Mar. 5, 2019. The Government did not file a written response to the motion, but orally opposed the motion on March 29, 2019.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollars ($5,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Mar. 21, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (i)     length of his/her residence on Guam;
    (ii)    his/her employment status and history, and financial condition;
    (iii)   his/her family ties and relationships;
    (iv)   his/her reputation, character and mental and physical condition;

>     (v)     his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
>
>     (vi)    his/her history relating to drug or alcohol abuse;
>
>     (vii)   the identity of the reasonable members of the community who will vouch for his/her reliability;
>
>     (viii)  whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and
>
>     (ix)    his/her history of compliance with other court orders;
>
> (3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and
>
> (4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

    If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

> (a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;
>
> (b) placement of restrictions on the activities, movements, associations and residence of the person;
>
> (c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;
>
> (d) release of the person during working hours, but with the condition that he return to custody at specific times; or
>
> (e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized

---

interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a citizen of the Federated States of Micronesia and a nine-year resident of Guam; has family ties to Guam including his brother and children; is currently employed at New Toto Market and has no cash-on-hand or assets. (Mot. Bail Redetermination at 4).

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and Defendant's ability to comply with Court orders. Defendant is charged with Violation of a Court Order (As a Misdemeanor) and his felony charge of Terrorizing includes a Notice of Commission of a Felony While on Felony Release. At the time of the alleged offenses in the instant matter, Defendant was on pre-trial release for Superior Court of Guam Criminal Case No. CF0493-18. In that matter, Defendant is charged with Family Violence (As a Third Degree Felony) – 2 Counts; Aggravated Assault (As a Third Degree Felony) with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; Child Abuse (As a Misdemeanor) – 2 Counts; and Family Violence (As a Misdemeanor) – 2 Counts. (Indictment in CF0493-18, Aug. 23, 2018). Defendant was released in CF0493-18 on November 8, 2018 on personal recognizance with conditions including a no contact/stay away from the victims and no threats/assault/harassment against the victims. *See* Order of Conditional Release and Appearance Bond, Nov. 8, 2018. The alleged victim in Charge One, Count One of Family Violence (As a Third Degree Felony) in CF0493-18, however, is the same alleged victim in the instant matter. Further, a Violation Report was filed on February 5, 2019 in CF0493-18, stating that Defendant failed to report in person to the probation office since December 21, 2018, and attempts to contact Defendant at the phone numbers provided by Defendant were unsuccessful. *See* Violation Report in CF0493-18, Feb. 5, 2019.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community and

Defendant's ability to comply with Court orders. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. A Criminal Trial Setting is set for April 15, 2019 at 10:00 AM.

**IT IS SO ORDERED,** *nunc pro tunc* to March 29, 2019, this __**MAR 2 9 2019**_____.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:
___AG & APD___

Date:__MAR 2 9 2019__ Time:__3pm__
*Cynthia T. Tiong*
Deputy Clerk, Superior Court of Guam